IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case Nos. 2:19-CR-04055-BCW-01 and 2:21-CR-04068-SRB-01 |
| MITCHELL JAMES KRIEG, | ) ) ) ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY

Defendant Mitchell James Krieg appeared before me on May 19, and 24, 2022[1], pursuant to Fed. R. Crim. P. 11, Local Rule 72.1(b)(1)(J), and 28 U.S.C. § 636 and entered a plea of guilty pursuant to Fed. R. Crim. P. 11 to the Indictment in Case No. 2:19-CR-04055-BCW-01, which charged that on or about June 3, 2018, within Osage County, in the Western District of Missouri, the defendant knowingly and intentionally possessed, with the intent to distribute, 50 grams or more of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). During these proceedings, defendant also entered a plea of guilty to a Superseding Information in Case No. 2:21-CR-04068-SRB-01, charging that on or about August 15, 2021, within Lafayette County, in the Western District of Missouri, the defendant, while on release pursuant to an order dated July 12, 2019, from the United States District Court for the Western District of Missouri, Case No. 2:19-CR-04055-BCW, which order notified the defendant of the potential effect of committing an offense while on pretrial release,

---

[1] The proceeding on May 24, 2022, was to review with the defendant on the record the waiver of Indictment that defendant has executed in Case No. 2:21-CR-04068-SRB-01.

the defendant knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code Section 3147(1).

I determined that the guilty plea is knowledgeable and voluntary and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense. A record was made of the proceedings and a transcript has been requested.[2]

Based on the foregoing, it is

RECOMMENDED that defendant Mitchell James Krieg's plea of guilty be accepted and that defendant Krieg be adjudged guilty and have sentence imposed accordingly.

Failure to file written objections to this Report and Recommendation within fourteen days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1).

                                                          */s/ Sarah W. Hays*
                                                          Sarah W. Hays
                                                          United States Magistrate Judge

June 6, 2022
Jefferson City, Missouri

---

[2] For the proceedings, the prosecutor, defense counsel, defendant, and judge appeared by video teleconference. Through written motion, defense counsel requested that this matter be taken up by video teleconference. The defendant waived his right to appear in person and consented to appearing by video teleconference. An offer was made to set up a private breakout room for defendant and counsel, if requested. The defendant's image and voice were clear, and I confirmed he could see and hear me and the lawyers clearly. I proceeded without the defendant physically present because, during the national emergency created by the novel coronavirus, he could not be physically present without seriously jeopardizing public health and safety. See the Court's Superseding General Order (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"], and action by Judicial Conference authorizing video teleconferencing under certain circumstances). I did not postpone the plea because the defendant and his lawyer contended, and I found, delay of the plea would cause serious harm to the interests of justice.